1  BRIAN P. BROOKS (S.B. #172151)
   bbrooks@omm.com
2  ELIZABETH LEMOND MCKEEN
   (S.B. #216690) emckeen@omm.com
3  MOLLY J. MAGNUSON (S.B. #229444)
   mmagnuson@omm.com
4  O'MELVENY & MYERS LLP
   610 Newport Center Drive, 17th Floor
5  Newport Beach, CA  92660-6429
   Telephone:  (949) 760-9600
6  Facsimile:   (949) 823-6994

7  Attorneys for Defendant
   OCWEN LOAN SERVICING, LLC
8

Note Changes Made by the Court.

9        **UNITED STATES DISTRICT COURT**

10       **CENTRAL DISTRICT OF CALIFORNIA**

11

12  JANET LINDER and GARY          Case No.  SACV 07-501 AHS (RNBx)
    LINDER, as individuals, on behalf of
13  themselves, and on behalf of all      CLASS ACTION
    persons similarly situated,
14                                 [~~PROPOSED~~] **PROTECTIVE**
                 Plaintiffs,       **ORDER**
15
        v.
16
    FINANCE AMERICA, LLC, BNC
17  MORTGAGE, a Delaware
    corporation; OCWEN FEDERAL
18  BANK FSB, named as DOE 1; and
    DOES 2 through 100, inclusive,
19
                 Defendants.
20

21

22       To expedite the flow of discovery material, facilitate the prompt resolution of

23  disputes over confidentiality, adequately protect material entitled to be kept

24  confidential, and ensure that protection is afforded only to material so entitled, and

25  for good cause shown, IT IS HEREBY ORDERED pursuant to the Court's

26  authority under Fed. R. Civ. P. 26(c):

27       1.       When used in this Order, the word "document" means all written,

28  recorded, or electronically stored information of any kind, and copies thereof

(whether identical or non-identical) including, but not limited to, interrogatory answers, production responses, requests to admit and responses thereto, documents, as defined in the Federal Rules of Civil Procedure or in the discovery requests in this action, or physical items produced by any party or non-party in this action whether pursuant to subpoena, court order, discovery requests, or by agreement, deposition transcripts or exhibits, and any portions of court papers which quote from or summarize any of the foregoing.

2.      Subpoenaed third parties who so elect may avail themselves of, and agree to be bound by, the terms and conditions of this protective order and thereby become producing "parties" for purposes of this order.

3.      The documents that are protected under this Order that shall be designated as confidential are as follows:

a.      Non-public, confidential information concerning the net worth of Defendants.

b.      Confidential information concerning the proprietary business processes, operating procedures, and training programs of Defendants that qualify for protection under standards developed under Fed.R.Civ.P. 26(c), including pursuant to Fed.R.Civ.P. 26(c)(7), such as a trade secret or other confidential research, development or commercial information.

c.      Confidential information concerning the identity of any Defendant's customers or any other nonpublic personal information as defined in and regulated under the Gramm-Leach-Bliley Act, 15 U.S.C. §§ 6801 *et seq.*

d.      Confidential and/or private financial information concerning the loan accounts of plaintiffs or any other member of the class.

e.      In addition to the foregoing documents, a producing party may, as provided herein and subject to the terms and conditions herein, designate as confidential any other documents (and information contained therein) that it produces that it believes in good faith qualify for protection under standards

NB1:720839.2                                    - 2 -                    [PROPOSED] PROTECTIVE ORDER
                                                                         SACV 07-501 AHS (RNBx)

developed under Fed.R.Civ.P. 26(c), including pursuant to Fed.R.Civ.P. 26(c)(7), such as a trade secret or other confidential research, development or commercial information.  The producing party shall mark such confidential documents with the legend "CONFIDENTIAL" when copies are produced to the receiving party. Alternatively, a party may designate as confidential any document or category of documents that qualify for protection as defined in this paragraph by providing notice to all parties in this action.  Any prior production, or any preliminary production of documents for inspection and designation for copying by the receiving party shall not constitute a waiver of confidentiality, however, even if those documents have not been marked CONFIDENTIAL or designated as confidential in writing.  Inadvertent failure to designate a particular document CONFIDENTIAL shall not be construed as a waiver, in whole or in part, and may be corrected by the producing party by written notification to the receiving party promptly upon discovery of the failure to designate.  If documents that were produced prior to this order either for inspection and designation or for some other purpose have not been marked CONFIDENTIAL before inspection, only counsel of record and other persons described in paragraph 8 may inspect those documents. However, upon entry of this Order, the producing party shall promptly notify counsel of record if any documents previously produced qualify for protection under this Order.

4.     Any confidential information (as defined in paragraph 3 herein) not reduced to documentary, tangible, or physical form or which cannot conveniently be designated in the manner set forth in paragraph 2, including but not limited to data contained in any electronic form, shall be designated CONFIDENTIAL by informing the receiving party in writing that all of the information is confidential. If any party produces CONFIDENTIAL materials stored electronically, including but not limited to production of magnetic diskettes or downloaded or uploaded files transferred by any method including electronic mail, then all of that information

1   retains its confidential nature regardless of whether the information is manipulated

2   or converted to any other media including but not limited to the creation of print-

3   outs or other hard copies and conversions or manipulation of data for whatever

4   purpose including but not limited to conversion or manipulation for processing by

5   any other computer hardware or software.

6         5.     Any part of deposition testimony in this case may be designated

7   CONFIDENTIAL by advising the reporter and all parties of such fact during the

8   deposition, or by notifying the reporter and all parties in writing within 30 days of

9   the receipt of the transcript by the deponent or deponent's counsel.  Transcript

10   pages containing Confidential Information must be separately bound by the court

11   reporter, who must affix to the top of each such page the legend

12   "CONFIDENTIAL," as instructed by the Party or non-party offering or sponsoring

13   the witness or presenting the testimony.  All deposition testimony in this action is

14   presumptively confidential until 30 days after the deposition.  Deposition testimony

15   marked CONFIDENTIAL shall be given to no one other than the persons described

16   in paragraph 8, the reporter, the deponent, and the deponent's counsel.  Any

17   confidential testimony must be marked, treated, used, and/or disclosed only as

18   provided in this Order.

19         6.     In the event the receiving party disputes the producing party's

20   designation of individual documents or a category of documents or information as

21   "CONFIDENTIAL," the receiving party shall notify the producing party in writing

22   of such dispute.  A party does not waive its right to challenge a confidentiality

23   designation solely because it does not challenge such designation promptly after the

24   original designation is disclosed.  In an effort to settle such dispute without judicial

25   intervention, the parties shall meet and confer to determine whether the restrictions

26   imposed by this Order are warranted with respect to such disputed information.  If

27   resolution of the dispute cannot be reached by the parties, the receiving party may

28   apply to the Court for an appropriate determination.  In connection with such an

application, the producing party shall bear the burden to show that the information is entitled to continued protection under the Federal Rules of Civil Procedure and applicable case law.  During the pendency of such dispute or application, and until the court may rule otherwise, the information designated "CONFIDENTIAL" shall remain subject to the designations and restrictions of this Order.  Applications brought pursuant to this section shall be in strict compliance with the requirements of Local Rules 37-1 and 37-2, including the joint stipulation requirement.

7.     Neither the parties' stipulation to the terms of this Order, nor their production of or receipt of documents pursuant to this Order, nor their compliance with this Order shall:

(a)     operate as an admission by any party that any particular document contains or reflects any type of confidential information;

(b)     prejudice in any way the rights of any party to object to the production of documents it considers not subject to discovery, or operate as an admission by any party that the restrictions and procedures set forth in this Order constitute adequate protection for any particular information deemed by any party to be confidential;

(c)     prejudice in any way the rights of any party to object to the authenticity or admissibility into evidence of any document, testimony, or other information subject to this Order;

(d)     prejudice in any way the rights of a party to seek a determination by the Court as to whether particular documents are entitled to confidential treatment pursuant to the terms of this Order;

(e)     prejudice in any way the rights of a party to petition the Court for additional protection with respect to particular documents, testimony, or other information; or

(f)     prevent the parties from agreeing to alter or waive the provisions or protections provided for herein with respect to any particular documents.

8.     Documents designated CONFIDENTIAL pursuant to this Order shall be shown only to the parties in this action, counsel of record for the parties (including their partners, associates, paralegals, clerical and support personnel), the parties' experts and consultants, actual or potential witnesses, any private mediators used by the parties in this action, and Court officials involved in this action (including court reporters, persons operating video equipment at depositions, and any special master or mediator appointed by the Court or agreed by the parties). Each expert, consultant, non-party witness or potential witness, and private mediator to whom confidential documents are proposed to be shown shall first be provided with a copy of this Order and required to sign a document in the form of Exhibit A hereto stating that he or she has read and understands this Order and agrees to be bound by its terms.

9.     Nothing in this Order shall be deemed to limit or result in a waiver of the attorney-client privilege, the attorney work product doctrine, or any other relevant privilege.  Inadvertent production of privileged information shall not waive the privilege.  If privileged information is inadvertently produced, the receiving party will, upon request of the producing party, promptly return all copies of documents containing the privileged information, delete any versions of such documents from any database or computer system it maintains, and make no use of the privileged information.

10.     If a receiving party discloses confidential information in a manner not authorized herein, that party must immediately and in writing notify the producing party of all pertinent facts relating to such disclosure and, without prejudice to other rights and remedies of the producing party, make every effort to prevent further disclosure by the receiving party or by the person to whom the receiving party disclosed such information.

11.     This Order has no effect upon, and shall not apply to, any party's use of its own confidential information for any purpose.  Nothing herein shall prevent a

party from disclosing confidential information to officers, directors, or employees of the producing party.  The restrictions herein also shall not apply to information that was, is, or becomes public knowledge through its authorized release by a person or entity who rightfully obtained and possesses such information during the normal course of business, and not in violation of this Order.

12.     If a party in possession of confidential information receives a subpoena or other compulsory process from a non-party to this action seeking production or other disclosure of such confidential information, that party shall give written and telephone notice to counsel for the producing party within the later of (a) three business days after receipt of the subpoena or other compulsory process, or (b) two business days in advance of the production date called for by the subpoena or other compulsory process.  Such notice shall identify the confidential information sought and enclose a copy of the subpoena or other compulsory process.  If, prior to the production date called for by the subpoena or other compulsory process, the producing party seeks a protective order to prevent or limit the release of the requested confidential information, then the party to which the subpoena or other compulsory process was served shall not produce or disclose the requested confidential information called for prior to receiving a court order or the consent of the producing party.  In the event that such documents containing confidential information are produced to the non-party pursuant to the subpoena or other compulsory process, such material shall still be accorded confidential treatment in this action pursuant to the terms of this Order.  Notwithstanding the foregoing, nothing in this Order shall be construed as authorizing any party to disobey a lawful subpoena issued in another action.

13.     If any papers filed with the Court contain, quote, paraphrase, compile or otherwise reveal the substance of documents, information, or testimony designated as CONFIDENTIAL, these papers shall be filed with the Clerk of the Court in a sealed envelope accompanied by a cover sheet that includes the

1   information set forth in, and required by, Central District of California Local Rule

2   79-5.1.  These papers shall be accompanied by an application to the Court pursuant

3   to Local Rule 79-5.1 requesting that such papers, or any portion thereof containing

4   the designated information (if such portion is segregable), be filed under seal.  To

5   the extent possible, only the portions of filings containing confidential information

6   shall be filed with the Court under seal, and the party submitting the confidential

7   information shall use its best efforts to file a public copy of the filing in which the

8   confidential information has been redacted.

9        14.    The provisions of this Order shall survive the conclusion of this

10  Action.  Within 90 days after final resolution of this action (including the resolution

11  of all appellate proceedings), all documents and copies of all documents (other than

12  exhibits of record) produced by a party which bear "CONFIDENTIAL"

13  designations, and which designations have not been challenged successfully before

14  the Court shall either be returned to the producing party or destroyed.  Upon request

15  of the producing party, all counsel of record who received such documents shall

16  certify compliance herewith and shall deliver the same to counsel for the party who

17  produced the documents not more than 90 days after the final conclusion of this

18  action or any of its constituent actions.  Notwithstanding this provision, counsel are

19  entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal

20  memoranda, correspondence, or attorney work product, even if such materials

21  contain Confidential Information.  Any such archival copies that contain or

22  constitute Confidential Information remain subject to this Order as set forth in

23  paragraph 8, above.

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

15. The parties agree to be bound by the terms of this Order pending the entry of this Order by the Court, and any violation of its terms shall be subject to the same sanctions and penalties as if this Order had been entered by the Court.

Dated: <u>May 9, 2008</u>

_____
ROBERT N. BLOCK
UNITED STATES MAGISTRATE JUDGE

[PROPOSED] PROTECTIVE ORDER
SACV 07-501 AHS (RNBx)

**EXHIBIT A**

1.      I, _____, residing at
_____, have read the foregoing Stipulated
Protective Order ("Order") in *Linder v. Finance America, LLC, et al.,* SACV 07-
501 AHS (RNBx).  I agree to be bound by its terms with respect to any documents
designated as "Confidential" thereunder that are furnished to me as set forth in the
Order.

2.      I further agree:  (a) not to disclose to anyone any documents, or any
information contained in documents, designated as "Confidential" other than as set
forth in the Order; and (b) not to make any copies of any documents designated as
"Confidential" except in accordance with the Order.

3.      I hereby consent to the jurisdiction of the United States District Court for the
Central District of California with regard to any proceedings to enforce the terms of
the Order against me.

4.      I hereby agree that any documents designated as "Confidential" that are
furnished to me will be used by me only for the purposes of the Action, and for no
other purpose, and will not be used by me in any business affairs of my employer or
of my own; nor will the information contained therein be shared or otherwise
imparted by me to any other person.  At the conclusion of the Action, I agree that
all documents designated as "Confidential" in my possession, custody or control
including any reproductions of such documents, must be returned to the producing
party or its counsel.

Dated: _____

_____